**SO ORDERED.**

**SIGNED this 24th day of April, 2020.**



_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Dennis Richmond,** | ) | Case No. 17-11413 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **DFWMM Holdings, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 18-02010 |
| | ) | |
| v. | ) | |
| | ) | |
| **Dennis Richmond,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on remand from the United States District Court for the Middle District of North Carolina. The issue for consideration on remand is whether Dennis Richmond ("Debtor") made false statements with fraudulent intent such that Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(4). This Court finds that Debtor did not make the false statements with fraudulent intent, as Debtor made the requisite demonstrations at trial to support a finding of reliance on advice of counsel, an affirmative defense to fraudulent intent.

1

## BACKGROUND

On March 23, 2018, DFWMM Holdings, LLC ("Plaintiff") instituted an adversary proceeding against Debtor raising two counts in its complaint: (1) nondischargeability of Plaintiff's judgments under 11 U.S.C. §532(a)(2) and (a)(6) ("Count 1") and (2) an objection to Debtor's discharge under 11 U.S.C. §727(a)(4) ("Count 2"). This remand concerns an opinion and order entered by the Court on June 21, 2019 [Doc. #40 & Doc. #41] (the "Order"), denying both counts of Plaintiff's complaint and entering judgment in favor of Debtor. Plaintiff appealed the Order to the United States District Court for the Middle District of North Carolina. The District Court affirmed the Order with respect to Count 1, but vacated and remanded the Order with respect to Count 2. The District Court vacated and remanded Count 2 only as it related to advice of counsel negating Debtor's fraudulent intent. The District Court noted that it was not clear whether this Court intended to make an affirmative finding of the advice of counsel defense. The District Court thus remanded to give this Court an opportunity to make additional findings thereon.

## ANALYSIS

Section 727 governs the granting of a discharge in a Chapter 7 proceeding. Pursuant to 11 U.S.C. § 727(a)(4), the Court shall grant the debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case— (A) made a false oath or account." 11 U.S.C. § 727(a)(4). To succeed in an action under § 727(a)(4), the movant must prove five elements: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Robbins v. Haynes (In re Haynes)*, 549 B.R. 677, 686 (Bankr. D.S.C. 2016). Whether a statement or omission was made with fraudulent

intent may be established by circumstantial evidence, or by inferences based on all of the facts and circumstances of the case. *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir. 1987).

Reliance on advice of counsel is an affirmative defense that absolves a debtor of fraudulent intent when two conditions are met: 1) the attorney was fully informed at the time the advice was given and 2) the debtor's reliance on the advice was reasonable. *Robinson v. Worley*, 849 F.3d 577, 586 (4th Cir. 2017).

There are three false statements at issue on remand for which fraudulent intent can be negated by the reliance on advice of counsel: 1) Debtor's declarations as to the primary nature of his debts, 2) Debtor's gross income for 2017 until filing, and 3) Debtor's failure to list the Harley Davidson motorcycle on his schedules. The Court will address each false statement in turn.

    i.    *Debtor's declarations as to the primary nature of his debts*

Debtor stated, in response to question 16 of Part 6 of Official Form 101, question 6 of Part 3 of his statement of financial affairs, and question 7 of Part 4 of Official Form 106Sum, that his debts at filing were primarily consumer debts, or debts incurred primarily for personal, family, or household purposes. Counsel was fully informed of the debts listed in Debtor's petition at the time of filing, as Counsel prepared the petition for Debtor. After a review of the debts, Counsel made the election that the debts were primarily consumer debts. Debtor's reliance on Counsel's advice in this instance was reasonable as the terms "consumer" and "business" debts, in connection with filing for bankruptcy, are not readily apparent to a layperson. In fact, "consumer debt" is a defined term in the bankruptcy code. 11 U.S.C. §101(8). It is reasonable that Debtor relied on Counsel to distinguish between consumer debts and business debts, as he is not a bankruptcy professional. It was Counsel's duty as an attorney to discuss the debts with

Debtor and to make an evaluation as to the nature of those debts. Debtor was transparent with his debts and fully informed Counsel thereof, as the debts are clearly listed in Debtor's bankruptcy petition. As Debtor reasonably relied on Counsel to evaluate and determine the primary nature of the debts listed in his petition, he did not possess fraudulent intent.

    ii.    *Debtor's gross income for 2017 until filing*

Schedule I discloses income for Debtor in the amount of $2,675 per month. However, in response to question 4 of Part 2 of his statement of financial affairs, Debtor stated that his gross income from operating a business from January 1, 2017 through December 15, 2017 was in the amount of $0. At the time of petition preparation, Counsel had full knowledge of Debtor's income. Counsel had helped Debtor prepare his schedule I and knew the monthly income that was stated thereon. Counsel also was in possession of Debtor's tax returns, which contained the information necessary for determining Debtor's income. It was upon advice of Counsel that Debtor stated his gross income from operating a business from January 1, 2017 through December 15, 2017 was in the amount of $0. At trial, Counsel stated that he used the tax returns to prepare Debtor's petition, which is how the $0 figure was derived. Counsel himself seemed confused at the hearing as to the difference between gross and net income.

It is reasonable that Debtor relied on Counsel's advice in determining his gross income. At trial, it was clear that Debtor did not have a background in taxes or finance and that he was unclear what the term "gross income" meant. Debtor stated that he had an accountant who he relied on to do his taxes. As Debtor did not have knowledge about taxes or finance, he consistently relied on professionals in this regard. Debtor reasonably relied on advice of Counsel to determine his gross income for 2017, and thus he did not possess fraudulent intent.

      *iii.*      *Debtor's failure to list the Harley Davidson motorcycle on his schedules*

      The final false statement at issue is Debtor's failure to list his Harley Davidson motorcycle (the "Motorcycle") on his schedules. This error too can be attributed to Debtor's reasonable reliance on the advice of Counsel. At the time of filing his petition, Counsel was aware of the existence of the Motorcycle at issue. It is clear that Counsel had all relevant information in regards to the Motorcycle, because on Debtor's Amended Schedule D of the petition [Doc. #13; Main Bankruptcy Case], Debtor listed the secured debt owed to Harley-Davidson Credit Corporation. Under description of collateral, it reads: "2014 Harley Davidson Road King . . . (Motorcycle is driven by, maintained, & monthly payment made by Marvis D. Bigelow who also provided down payment)." On Schedule D, under the section who owes the debt, the box "Debtor 1 only" is checked. Debtor was forthcoming with this information to his Counsel. Counsel knew that Debtor owed this debt secured by the Motorcycle, but did not advise Debtor to include it on his Schedule A/B under personal property.

      It is reasonable that Debtor relied on advice of Counsel in this instance, because Debtor seemed confused as to whether or not he actually owned the Motorcycle. It appears from his testimony at trial, Debtor believed that because his friend Marvis Bigelow bought, drove, and maintained the Motorcycle, that it was actually his Motorcycle, rather than Debtor's, despite the title being in Debtor's name. It was the duty of Counsel to recognize and explain to Debtor that Debtor's interest in the Motorcycle was a legal interest, not an equitable interest, and to schedule it on the petition as such. A "legal interest" versus an "equitable interest" would not be readily apparent to a layperson, and it is reasonable that Debtor did not understand the distinction. Debtor reasonably relied on advice of Counsel as to how to schedule the Motorcycle, and as such did not act with fraudulent intent.

5

## **CONCLUSION**

For the above stated reasons, the Court finds that Debtor did not have fraudulent intent for his false statements as he reasonably relied on advice of Counsel. As such, Count 2 of the Complaint should be denied, with judgement entered in favor of Debtor. A separate order will be entered consistent with this memorandum opinion in accordance with Rule 7058 of the Federal Rules of Bankruptcy Procedure.

[END OF DOCUMENT]

PARTIES TO BE SERVED

**Samuel Pinero, II**
Oak City Law LLP
115 Market Street Suite 221
 Durham, NC 27701

**Kenneth M. Johnson**
701 E. Market St.
P. O. Box 21247
Greensboro, NC 27420

**William P. Miller**
Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

*Trustee* **Gerald S. Schafer**
220 Commerce Place
Greensboro, NC 27401